**Clarence Keith McDONALD, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2012–CA–000717–MR.**

Court of Appeals of Kentucky.

Sept. 27, 2013.

Discretionary Review Denied by Supreme Court Aug. 13, 2014.

Elizabeth B. McMahon, Assistant Public Defender, Office of Louisville Metro Public Defender, Louisville, KY, for Appellant.

Jack Conway, Attorney General, Ken W. Riggs, Assistant Attorney General, Frankfort, KY, for Appellee.

Before LAMBERT, TAYLOR, and VANMETER, Judges.

## OPINION

LAMBERT, Judge:

Clarence McDonald directly appeals from the Jefferson Circuit Court's conviction for assault in the second degree, arguing that his conviction should be reversed and remanded because the trial court improperly admitted a 911 call into evidence at trial. After careful review, we affirm.

Willie Andrews and the appellant, McDonald, lived in a two-story house in Louisville, Kentucky, that had been converted into two apartments. Andrews knew the landlord and had been hired as a maintenance worker for the property. On

June 25, 2010, Andrews heard a loud knock on his door. When he opened the door, no one was there, and he heard McDonald ascending the stairs to his apartment. Andrews proceeded up the stairs and engaged McDonald in a discussion regarding a letter that had been delivered to McDonald while Andrews was out of town. Andrews and McDonald got into a physical altercation, which ultimately resulted in Andrews being taken to the hospital with serious injuries.

When the police arrived, McDonald was sitting on the steps to his apartment. He was cooperative and wanted to give a statement. An officer read McDonald his rights, and McDonald agreed to give a statement in the police cruiser. That statement was recorded by the in-car video system. McDonald stated that he had brought a piece of mail to Andrews, but then Andrews knocked on his door, came into his apartment, and wanted to fight. They started fist-fighting, and McDonald pushed Andrews out of the apartment and down the stairs. Believing he still needed to continue to defend himself, McDonald hit Andrews with several items, including a broom handle and a board, but the items broke.

The men's neighbor, Steven Taylor, returned home and witnessed the fight as it occurred. Taylor observed McDonald beating Andrews while Andrews was on the ground unable to defend himself. Taylor claimed he was able to distract McDonald long enough for Andrews to escape to his apartment.

Meanwhile Andrews's paramour, Cybil Artis, was inside his apartment and called 911. During the call, Artis was hysterical as she relayed the ongoing events and indicated that her friend was being beaten over the head and was bleeding. Artis repeatedly urged the responders to hurry and expressed fear and anxiety. In re-sponse, the operator elevated the call to a "code three." Shortly before the call ended, Artis indicated she "snatched him in the door," and the attacker was "banging on the door." Artis then indicated that the attacker had walked up the stairs holding a large piece of wood. She implored the response team to hurry because he was "bleeding from the head." The call was cut off shortly thereafter.

When the police and ambulance arrived at the scene, they found Andrews with multiple head injuries and transported him to the University of Louisville Hospital. The police recovered a broken broom handle and a broken piece of lumber from the scene. Andrews suffered numerous injuries as a result of the altercation.

McDonald was indicted by a grand jury on August 10, 2010, for assault in the second degree and for being a persistent felony offender (PFO) in the second degree. McDonald waived his right to a jury trial in exchange for the Commonwealth dropping the PFO charge. A bench trial was conducted and McDonald was found guilty of assault in the second degree and sentenced to seven years by final judgment entered March 16, 2012. This appeal follows.

McDonald's only argument on appeal is that the trial court committed reversible error when it permitted the Commonwealth to introduce the entire audio recording of the 911 call made by Cybil Artis. During its opening statement, the Commonwealth mentioned that Artis had placed a call to 911 after the altercation ensued. The prosecutor claimed that a recording of the call was admissible as a present sense impression, but defense counsel argued that admitting the call would violate McDonald's right to confrontation. The trial court agreed that the tape could not be played if Artis did not

testify and admonished the Commonwealth not to mention the 911 call any further.

After breaking for lunch, the Commonwealth asked the trial court to reconsider its ruling, citing to the case of *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). The Commonwealth argued that the 911 call was not testimonial and that its admission would not violate McDonald's right to confrontation. Defense counsel continued to object, arguing that portions of 911 calls could still be testimonial and that *Davis* did not hold that entire 911 calls were always admissible. Defense counsel suggested that the Commonwealth be limited to introducing the portion of the 911 call in which Artis identified McDonald. The trial court found that *Davis* was not limited to the identification of the defendant and that the United States Supreme Court had also admitted the parts of 911 calls in which the caller had relayed ongoing events. The trial court then reversed its previous ruling, finding that the 911 call in this case was not testimonial in nature and was admissible.

■ On appeal, a trial court's evidentiary ruling will only be overturned if it amounts to an abuse of discretion. *Walker v. Commonwealth,* 288 S.W.3d 729, 739 (Ky.2009). "Under this standard, a trial court's evidentiary ruling will not be disturbed unless its ruling was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.*(internal quotations omitted).

McDonald argues that because Artis was not present to testify, portions of the tape must be excluded. Although McDonald admits the majority of the tape constitutes "non-testimonial evidence," because it relayed ongoing events, he contends that any portions that are in the past tense must be excluded because they are testimonial in nature and their admission

violates the confrontation clause. Further, McDonald asserts the operator's statement regarding the elevation of the response to a "code three" must also be excluded.

■ In *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224, the Supreme Court of the United States considered whether or not a 911 call was testimonial in nature and entitled to confrontation clause protection. The confrontation clause "bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Davis,* 547 U.S. at 821, 126 S.Ct. at 2273 (quoting *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004)). Only "testimonial statements" are afforded protection under the confrontation clause. *Davis, id.*

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis,* 547 U.S. at 822, 126 S.Ct. at 2273–2274. (Footnote omitted.) Calls made to a 911 dispatcher may amount to police interrogation under certain circumstances. *Id.* at 823, 126 S.Ct. at 2274. The crux of the determination is whether or not the statements were elicited to "resolve the present emergency," or to learn what happened in the past. *Id.* at 827, 126 S.Ct. at 2276. The formality of the questioning as compared to a formal police interrogation

is also relevant. *Id.* at 827, 126 S.Ct. at 2277.

 In this case, the 911 call by Artis took place as the assault was happening. The fear and anxiety caused by the ongoing emergency are readily apparent. Artis repeatedly states that Andrews is being beaten and describes the assault as it is occurring. The simple fact that she recounted things from moments earlier, for example her statement that Andrews "had been pushed down the stairs," does not change the nature of the statements. McDonald left the scene only moments before the call ended, and even then remained on the property. Likewise, the operator's decision to elevate the call to a "code three" was not testimonial in nature. Instead, the statement furthers the proposition that the call was intended, by both parties, to address an ongoing emergency and was not an interrogation to learn the substance of past events. When considering the call as a whole, it is also apparent that the communication did not involve the formality associated with a police interrogation. As a result, the trial court did not abuse its discretion by admitting the entire 911 call into evidence.

For the reasons set forth above, the decision of the circuit court is affirmed.

ALL CONCUR.